82 | 19<br>95 | 91

[No. 12576.   Department Two. — December 11, 1889.]

## SUSAN MUIR, RESPONDENT, *v.* WILLIAM MERE-DITH ET AL., APPELLANTS.

EJECTMENT — DESCRIPTION OF LAND — PRESUMPTION UPON APPEAL. — When the description of the land in a complaint and judgment in an action of ejectment is given by metes and bounds, the initial point being definitely fixed, and the first line being described as "thence along fence line 1.20 chains to station fence-post," all other lines being described by courses, distances, and monuments, it cannot be presumed upon appeal, in the absence of evidence, that the station fence-post called for cannot be found; but the contrary will be presumed in favor of the judgment, and the description will be held sufficient.

ID. — VERDICT — REFERENCE TO SURVEY OF LAND — PRESUMPTION ON APPEAL. — A verdict in favor of the plaintiff, in an action of ejectment, which appends the words, "in accordance with the United States survey," to the finding that plaintiff is entitled to recover possession of the

land in controversy, is sufficient. The reference to the survey may be treated as surplusage, but will be presumed on appeal to be consistent with the finding for plaintiff, and to refer to the same survey mentioned in the complaint and judgment.

COSTS — TAXATION — BILL OF EXCEPTIONS — WAIVER — REVIEW ON APPEAL FROM JUDGMENT. — The questions whether the costs were, regularly taxed cannot be reviewed on appeal from the judgment, if there is no motion to retax the costs, and no exception taken to the ruling of the court thereon. By failing to present the question of costs for review on a bill of exceptions, any objection to the costs in the judgment is waived.

APPEAL from a judgment of the Superior Court of Contra Costa County, and from an order denying a new trial.

The action was ejectment for the lands described in the complaint. The verdict was as follows: " We, the jury, find that the plaintiff is entitled to recover possession of the land in controversy, in accordance with the United States survey." The judgment followed the description of the complaint, and awarded restitution of possession of the land to plaintiff, "together with all of said plaintiff's necessary costs and disbursements incurred in the action, taxed by said plaintiff at $115." No evidence was contained in the transcript on appeal. Further facts are stated in the opinion of the court.

*James G. Maguire*, for Appellants.

The complaint is insufficient for uncertainty of description, and the verdict is void for uncertainty. (*Dougherty* v. *Haggin*, 56 Cal. 522; *Watson* v. *Damon*, 54 Cal. 279; *Campbell* v. *Jones*, 38 Cal. 507; *Woodson* v. *McKune*, 17 Cal. 304.) The verdict does not support the judgment. (*Macoleta* v. *Packard*, 14 Cal. 179; *People* v. *Ah Gow*, 53 Cal. 628; *Cummings* v. *Peters*, 56 Cal. 597; *Wilmington C. & R. R. Co.* v. *Dominguez*, 50 Cal. 505; Hayne on New Trial and Appeal, p. 706, sec. 235.) The judgment is erroneous, if not void for uncertainty. (*Crosby* v. *Dowd*, 61 Cal. 602; *Kelly* v. *McKibben*, 53 Cal. 13; *Miller* v. *Miller*, 16 Pick. 215; *Clark* v. *Gage*, 19 Mich.

507; Freeman on Judgments, sec. 54.)  The power to tax costs is vested by law in the court or a judge thereof, and not in the prevailing party.  (Code Civ. Proc., sec. 1033.)

*Chase, Chase & Miller,* for Respondent.

The description is certain because it can be made certain.  (Civ. Code, sec. 3538.)  The reference in the ver-verdict may be rejected as surplusage.  (*McLaughlin* v. *Kelley,* 22 Cal. 212; *Pierce* v. *Schaden,* 62 Cal. 285.)  The verdict is not void.  (*Hogue* v. *Fanning,* 73 Cal. 54; *Hancock* v. *Burton,* 73 Cal. 52.)  The costs were properly taxed by the successful party, in the absence of a motion to retax.  (Code Civ. Proc., sec. 1033.)  The words " by the plaintiff " may be treated as surplusage.

THORNTON, J. — The record is free from error.  The description in the complaint and judgment are sufficient.

The land is described in the complaint as that certain lot of land situate in the county of Contra Costa and described as follows: —

" Beginning at a point in fence line at the center of section 7, township 1 north, range 1 east, Mount Diablo base and meridian; thence along fence line 1.20 chains to station fence-post; thence north $89\frac{1}{2}°$ west along fence line 8.37 chains to station in fence line; thence south $88\frac{1}{2}°$ west 6.80 chains to station in fence; thence south $74\frac{1}{2}°$ west 8.80 chains to station on the quarter-section line between the northeast and northwest quarter-sections of section 7, township 1 north, range 1 east, Mount Diablo base and meridian; thence west along the quarter-section line 22 links to station; thence north 13° west 1.06 chains to station in fence; thence east $73\frac{3}{4}°$ west 1 chain to station in fence; thence south $83\frac{1}{2}°$ west 1.06 chains to station in fence; thence south 66° west 3 chains to station in fence on the quarter-section line between the

northeast and the northwest quarter of section 7, township 1 north, range 1 east, Mount Diablo base and meridian; thence easterly along said quarter-section line to the point of beginning,—containing 2.49 acres of land."

The same description is in the judgment.

The beginning point of description is certain. It is easy enough to find that point. The description then proceeds: "Thence along fence line 1.20 chains to station fence-post." The course is given by designating a fixed monument,—the station fence-post. The line is to be run from the beginning point to the "station fence-post," in whatever direction that is. If it was said, thence to a tree marked in a blaze with the letter A, the line would run to this tree, and the location of the tree would determine the direction or course. Rarely can it be said that there is no sufficient description of a lot of land where the beginning point is or can be fixed. A surveyor who understands his business can, with the description before him, when the starting-point can be fixed, identify and survey the tract. The course of every other call in the description is given. It cannot be presumed or assumed as a matter of law that the station fence-post called for cannot be found. On what principle of law it can be held that the judgment is a nullity for want of description we cannot divine. The evidence is not before us. The case comes up on the judgment roll. It nowhere appears in the transcript that the location and identity of the land sued for was not established by the evidence. The fact that the jury found a verdict for it, and the court rendered judgment on the verdict, is sufficient to show to this court that the location of the land sued for was proved by the testimony. At any rate, this court would so presume to sustain the judgment of the trial court. Error cannot be presumed. It must be made to appear.

The transcript fails to show that any objection that the land was not identified by the evidence was made

when the case was on trial. There was no demurrer to the complaint.

But waiving all this, the land was sufficiently described in the complaint and judgment.

The verdict is sufficient. It finds that the plaintiff is entitled to recover the land in controversy. The words "in accordance with the United States survey," appended at the end of the verdict, may be rejected *as surplusage.* The verdict is sufficient without them. But we will say further that we have no doubt that this latter part of the verdict is consistent with the former part of it, and that the reference to the survey is to the survey of the land by the United States, referred to in the complaint and judgment, and will aid in fixing the location and identity of the land sued for. At any rate, we cannot say as a matter of law, on construing the language of the verdict, that there is any want of consistency in the first and last clauses of the verdict. In the absence of a showing to the contrary in the verdict, we must presume it to be so.

The sheriff can, no doubt, with the proper writ of execution in his hands, find the land recovered and put the plaintiff in possession. If he cannot, we have no doubt the court below can.

The objection to the costs in the judgment is not well taken. If the costs were not regularly taxed, the defendants should have moved to retax. On such motion the court below could have corrected any error or mistake in the judgment of the costs. The defendants might have reserved an exception to the ruling of the court below as to the costs, and could have had such ruling reviewed by this court on a bill of exceptions. By failing to do so, any such question is waived, and there is nothing before this court to be considered.

The judgment and order are affirmed.

SHARPSTEIN, J., and McFARLAND, J., concurred.