EDLUND v. INDUSTRIAL COMMISSION et al.

No. 7709.   Decided September 29, 1952.   (248 P. 2d 365.)

See 71 C. J., Workmen's Compensation Acts, sec. 929. Aggravation of injury by employment. 38 Am. Jur., Workmen's Compensation, secs. 209 et seq.; 37 A. L. R. 771.

*Dwight L. King,* Salt Lake City, for plaintiff.

*Clinton D. Vernon,* Atty. Gen., *Allen B. Sorensen, Francis A. Trottier,* Salt Lake City, for defendants.

McDONOUGH, Justice.

Certiorari to review an order of the Industrial Comission denying the petitioner compensation for permanent disability.

Petitioner was a legal typist and stenographer for seventeen years preceding October 15, 1950 at which date she ceased employment because of the disability incurred. The work which petitioner performed required the typing of large numbers of carbon copies. This necessitated the use of greater force in striking the typewriter keys than that normally used in typing operations. During the last three years of this period petitioner noticed pain in the end joints of her fingers and all the fingers with the exception of the thumb on the left hand became swollen, and developed nodules or bony growths on the end joints of all fingers and upon the right thumb where such thumb struck the space bar of the typewriter. As a result of the growths and the pain therein it became necessary for petitioner to terminate her employment. Medical diagnosis revealed that petitioner's condition was one of osteoarthritis—a degeneration of the cartilage in the joint and overgrowth of the bone adjacent to it. The Industrial Commission found that the disease for which compensation was claimed was not an occupational disease; that it was not the customary and usual result in the typing operation; and the application was denied. On petition for review the plaintiff contends that the Commission erroneously construed Section 42-1a-28(28), U. C. A. 1943, and unlawfully denied plaintiff her disability compensation.

Section 42-1a-28, U. C. A. 1943, states:

"For the purposes of this act only the diseases enumerated in this section shall be deemed to be occupational diseases,"

and such section then sets out in 27 subdivisions certain specific and enumerated diseases. In 1949, the Legislature amended Section 42-1a-28 by adding a 28th subdivision under the enumerated diseases which stated:

"(28) Such other diseases or injuries to health which *directly arise* as a *natural incident* of the exposure occasioned by the employment, provided however, that such a disease or injury to health shall be compensable *only* in those instances where it is shown by the employee or his dependents that *all* of the following named circumstances were present: (1) a direct causal connection between the conditions under which the work is performed and the disease or injury to health; (2) the disease or injury to health can be seen to have followed as a natural incident of the work as a result of the exposure occasioned by the employment; (3) the disease or injury to health can be fairly traced to the employment as to the proximate cause; (4) the disease or injury to health is not of a character to which the employee may have had substantial exposure outside of the employment; (5) the disease or injury to health is incidental to the character of the business and not independent of the relation of the employer and employee; and (6) the disease or injury to health must appear to have had its origin in a risk connected with the employment and to have flowed from that source as a natural consequence, though it need not have been foreseen or expected before discovery. No disease or injury to health shall be found compensable where it is of a character to which the general public is commonly exposed." Laws of Utah, 1949, c. 51, Senate Bill 288; Italics ours.

Petitioner contends that by the addition of Subsection (28) the legislature intended to broaden and expand the types of diseases and injuries to health for which compensation should be paid and did not intend to limit compensation to known recognized occupational diseases. The Commission concluded:

"The legislature clearly intended to make compensable only those diseases which can be recognized as commonly associated with a particular employment, as silicosis is associated with metal mining."

Regardless of the subjective intent behind the legislation it is manifest that the new amendment conferred compensation benefits upon those suffering from diseases or injuries to health which could meet the six qualifications of the subsection—i. e., such compensation was to be awarded

"*only* in those instances where it is shown   *   *   *   that *all* of the following named circumstances were present." (Italics ours.)

The responsibility of the Commission is to determine whether the requirements of Subsection (28) are fulfilled and it is well established in this jurisdiction that if there is competent evidence of substantial character to sustain the findings of the Commission, they will not be disturbed. *Camacho* v. *Industrial Commission of Utah,* 119 Utah 181, 225 P. 2d 728, and cases therein.

The record reveals that the causes of osteoarthritis are not known, but that age and injury are among the most commonly considered factors; that the condition was found more often in those whom one doctor classified as "congenital dowagers" than in elderly typists and needleworkers; that injury could cause the disease, but in many cases where the disease was present injury could not be shown; that it was questionable whether those persons who worked hard and gave excessive effort to the joints had arthritis more frequently than those who did not; that the type of work petitioner did was perhaps a causative or contributing factor in the development of osteoarthritis, but was not the total cause; that osteoarthritis was a degenerative disease, the etiology not being definitely known, but that it varied with heredity and age; that blood circulation and dietary habits are possible causes; that the disease will affect any joint of the body and is not confined to the fingers; that it is not peculiar to the typing profession or to those who use their fingers extensively, but is found in all types of persons engaged in all types of work; and that plaintiff was the first one with osteoarthritis as a *primary complaint*

that a particular expert with wide experience had seen or treated.

In this state of the record, the Commission was not compelled to find petitioner's ailment to be a disease or injury "which *directly arise*(*s*) as a natural incident of the exposure occasioned by the employment" or that it otherwise fulfilled the six requirements of Subsec-   ■ tion (28). (Italics ours.) There was competent evidence of a substantial character supporting the findings of the Commission. The order of the Commission denying compensation is affirmed.

WOLFE, C. J., and HENRIOD, J., concur.

WADE, Justice (concurring).

I concur, but wish to point out that subdivision (28) to section 42-1a-28, U. C. A. 1943, which was added by the 1949 amendment, requires more than a mere causal connection between the disease and the employment. The disease or injury must directly arise as a *natural incident* of the employment. It further provides for compensation only if all six of the conditions enumerated in the main opinion are found to exist.

I agree that upon review by this court, limited as it is by statute and our previous decisions, we cannot conclude that the finding of the Commission was unreasonable and arbitrary and not based on evidence. The evidence was not such that the Commission was compelled to find that the injury was caused by and arose as a natural incident of the employment, even though it could have so found.

CROCKETT, J., concurs in the opinion of McDONOUGH, J., and also in the views expressed by WADE, J.