332 P.2d 928

**Ralph E. CHILD, Plaintiff,**

v.

**BOARD OF REVIEW of the INDUSTRIAL COMMISSION OF THE STATE of Utah, Department of Employment Security, L. Stanley Wooten, Appeals Referee, and Melvin E. Hampshire, Defendants.**

No. 8873.

Supreme Court of Utah.

Dec. 13, 1958.

---

Ralph E. Child, pro se.

E. R. Callister, Jr., Atty. Gen., Fred F. Dremann, Salt Lake City, for defendants.

HENRIOD, Justice.

Review of an Industrial Commission denial of unemployment compensation. Affirmed, with no costs awarded.

Under our statute [1] and in the light of our pronouncements to the effect that the decision of the Commission will not be disturbed if reasonably supported by the evidence, [2] we conclude that the Commission did not act arbitrarily in this case, being supported by evidence we believe can be reported fairly as follows:

For 20 years Child had been self-employed, when, in April, 1956, he carried on his operations by means of four separate corporations, each of which he controlled, and for which he was president, and

1. Section 35-4-10(i) Utah Code Annotated 1953: " * * * in any judicial proceedings under this section the findings of the commission and the board of review as to the facts as supported by evidence shall be conclusive and the jurisdiction of said court shall be confined to questions of law. * * * "

2. Edlund v. Industrial Commission, 1952, 122 Utah 238, 248 P.2d 365.

in one of which he caused himself to become the manager at an agreed $165 per week. This last mentioned corporation, called the Child Construction Co., was that through which he funneled construction contracts and jobs. The second was a year-round operation of service stations. A third was a year-round company holding and operating rental equipment, and the fourth was a company owning many kinds of construction equipment, including caterpillar tractors, trucks, cement mixers, power shovels, etc.

The construction company had to do with many jobs, including construction of schools, canals, sewers, bridges and the like, in many cases through a process of competitive bidding. It was an all year operation when jobs were available. In December, 1957, when jobs had run out, Child caused a termination of his employment as manager and stopped his salary, applying for compensation payments as an unemployed worker, and registering as one being available for work. There is no indication that the corporation was relieved of any obligation still to pay him his salary.

Thereafter, he managed the affairs of the four corporations, including the making of collections and bank deposits, contacting architects, examining bid proposals, negotiating for a small business loan, directing an audit of the four companies' books in aid thereof, supervising the work of a secretary and the service station attendants, attending to negotiations for repair of equipment and supervising thereof, paying bills, expending time and effort seeking new contracts and attending to other matters that arose incident to the operation of all four corporations, including the acceptance and deposit in the construction company bank account, of the service station corporation's funds and paying wages out of the same account to the employees of the service station company.

A president of a corporation who is also manager, who has year-round responsibility to operate the business of the corporation and does so, cannot by purportedly laying himself off as manager in those periods when there may be no actual business activity, but when his corporate duties and management activity persist in the pursuit of future or continued business of the company, obtain unemployment benefits. He is much in the same position as a man working on a deferred commission payment basis who certainly cannot be said to be unemployed during the time the commission actually is not paid, but earned.

McDONOUGH, C. J., and CROCKETT and WORTHEN, JJ., concur.

WADE, Justice (dissenting).

I dissent.

The facts as disclosed by the record are that Ralph E. Child is the president and director and the principal stockholder of

four corporations including the Ralph Child Construction Co. from which corporation he had been receiving a salary of $165 per week as manager. Contributions to the unemployment fund on his salary as such manager were paid by the Ralph Child Construction Co. in compliance with the law. He received no salary but only nominal compensation from any of the corporations for the duties he performed as president and directors. He testified that he considered that his duties as president and director of a corporation required him to attend to all matters involving the legality of the corporation's activities, to attend to collections, payments of bills, securing of contracts, calling and attending board meetings and related matters. He distinguished his duties as president and director of the corporations from that as manager of the Ralph Child Construction Co. in that in the latter position he was "on the job actually directing the moving of earth or the laying of brick, or putting in something which I had to stay away from home and take active part in the building."

The Ralph Child Construction Co. engages in the construction of buildings, sewers, canals, bridges and leveling of land. The other corporations whose activities Ralph Child directed engaged in (1) the operation of service stations; (2) the operating of rental properties; and (3) the leasing of equipment such as trucks, tractors, mixers, power shovels, welders and saws. One of the secretaries who worked for the corporation which engaged in the operation of the service stations, and which paid her salary, also worked for the Ralph Child Construction Co. and in making reports sometimes did not distinguish between employees of the Ralph Child Construction Co. and the corporation which paid her salary. Ralph Child's activities as president and director of the corporations did not consume much time, and he received no salaries from them. The only salary which he received from any of the corporations was for managing the jobs of the Ralph Child Construction Co.

About December 1, 1957, the Ralph Child Construction Co. had completed all the jobs for which it had contracted and had no jobs left to be managed. Thereupon Ralph Child as president of the Ralph Child Construction Co. removed himself from the payroll as manager and filed his application for benefits under the unemployment compensation act. The defendants herein denied his claims for benefits under that act because he at all times continued his activities as president and director of the Ralph Child Construction Co., as well as his activities in the other corporations. From this the Commission concluded that he was fully employed within the meaning of the Unemployment Compensation Act during the time for which he claims benefits and was not available for work as required by Sec. 35–4–4, U.C.A.1953 and so did not come with-

in the provisions of the Act entitling him to such benefits.

Sec. 35-4-22(j) (1) provides that an officer of a corporation who performs services for wages or under any contract of hire comes within the definition of the term "employment." Sec. 35-4-22(m) defines unemployment as follows:

> " 'Unemployment.' (1) An individual shall be deemed 'unemployed' in any week during which he performs no services and with respect to which no wages are payable to him, or in any week of less than full-time work if the wages payable to him with respect to such week are less than his weekly benefit amount. The commission shall prescribe regulations applicable to unemployed individuals making such distinctions in the procedure as to total unemployment, part-total unemployment, partial employment of individuals attached to their regular jobs, and other forms of short-time work, as the commission deems necessary."

The questions in this case are: (1) Was plaintiff fully employed within the meaning of the Employment Security Act, and (2) if he was not so employed, was he available for work so as to be eligible to receive benefits?

In determining these questions it should be pointed out that this court will not disturb findings of fact made by the Commission if such findings are reasonably supported by the evidence.[1] The burden of proving entitlement to benefits is upon the claimant. Even so, the record is clear and the Commission did not find that the testimony of plaintiff heretofore detailed was incorrect. In his testimony he clearly stated that he received no salaries for his activities in behalf of the corporations as their president or director. For services to come within the meaning of the term "employment" as defined by Sec. 35-4-22(j) (1) it must be performed for wages or under any contract of hire and as stated in Fuller Brush Co. v. Industrial Commission of Utah 97, on page 104, 104 P.2d 201, on page 204, 129 A.L.R. 511:

> " * * * The term 'contract of hire' is not defined in the act probably because the legislature felt that the expression was so well established, understood and definte, that it needs no further amplification or exposition. It is used in its common meaning and acceptation. It is an agreement whereby one undertakes or obligates himself to render personal service for another for a remuneration to be paid because the service was rendered, * * *"

1. Johnson v. Board of Review of Industrial Commission, 7 Utah 2d 133, 320 P.2d 315.

It is interesting to observe here that at the time the above Fuller Brush Co. case was decided by this court there might have been some doubt that any services of Child as an officer of a corporation even though such services were "performed for wages or under any contract of hire written or oral, express or implied" were included within the provisions of the unemployment compensation act and that such wages were therefore subject to contribution payments by the employer as therein provided or, that such officer employee was entitled to its benefits. This was changed by an amendment in Chap. 40, Sec. 19(j) (1), Laws of Utah 1941 which extended the coverage of the act to officers of corporations who performed services for wages.

There was no evidence before the Commission that plaintiff worked under a contract of hire for remuneration or wages for any of the corporations in his capacity as president or director for them. The only evidence before the Commission of any work which plaintiff did for any of the corporations which placed him within the provisions of the Act, and which made a corporation liable to make unemployment compensation contributions to the Act, and for the performance of which services he might become entitled to benefits under the Act if he fulfilled the conditions prescribed, were those which he rendered as manager of the Ralph Child Construction Co. Plaintiff testified that his work as manager for the Ralph Child Construction Co. for which he was paid was separate from his duties as president and director of that company. His work as manager consisted of supervision and other activities which required his presence on actual jobs during the period of construction. He further testified that because of lack of funds he had not cashed salary checks he had received from May to December 1, 1957, when he took himself off the payroll and discharged himself as manager upon completion of the last productive work of that company. The Ralph Child Construction Co. had no need for his services as manager during the periods for which he was claiming benefits and he did not receive nor was he entitled to receive any salary during those periods. Under such a state of facts it was not reasonable to find that plaintiff was fully employed during those periods, even though plaintiff had indicated that as president he had been working about two hours a week trying to obtain a loan from the Small Business Administration so that he would be able to try to obtain contracts for the Child Construction Co., and that if he were successful in obtaining contracts he would again manage its jobs. Such a finding by

the Commission was really a conclusion of law rather than a finding of fact.

Was plaintiff available for work as required by Sec. 35-4-4, U.C.A.1953 if he were to be eligible for benefits under the Act? The evidence with regard to availability was that he had applied for work with two different companies and considered himself available even though a small portion of his time had been spent in directing collections and payments of bills and taxes and making of reports for the corporations as their president or director. The time consumed in these activities was negligible and could have been accomplished without interfering with any work which he might have been able to obtain similar to that which he had performed in his managerial capacity for the Child Construction Co. The fact that he intended to go back to his job as manager of the Child Construction Co. should it need his services in the future could not affect his availability for work during the periods in which he was unemployed and his services were not desired by that company.

I therefore am of the opinion that the Commission's findings not being reasonably supported by the evidence, its decision awarding no benefits should be annulled.