[Civ. No. 45208. Second Dist., Div. Five. June 10, 1975.]

JACK COOPERMAN, Plaintiff and Respondent, v.
UNEMPLOYMENT INSURANCE APPEALS
BOARD, Defendant and Appellant.

**COUNSEL**

Evelle J. Younger, Attorney General, Willard A. Shank, Assistant Attorney General, Edward M. Belasco and Patric Hooper, Deputy Attorneys General, for Defendant and Appellant.

Jerold L. Bloom for Plaintiff and Respondent.

**OPINION**

**LORING, J.**\*—Jack Cooperman (Cooperman), filed claims for unemployment insurance between August 6, 1972, and January 31, 1973. He was paid $1,428 in benefits by the Department of Human Resources, now the Employment Development Department (Department). Department later discovered that Cooperman was the president and sole shareholder of a viable corporation, Image Films, Inc. (Image). Department concluded that by reason of the fact that he was president of a corporation, he was not unemployed, and was therefore overpaid $1,428.

Cooperman appealed to a referee of the California Unemployment Insurance Appeals Board (Board). The referee determined that Cooperman was not ineligible for unemployment insurance benefits when Image was inactive, but was ineligible when Image was active.

The Department then appealed to the Board which upheld the Department's determination and reversed the referee.

Cooperman then filed a petition for writ of mandate in the superior court to require the Board to set aside its decision that Cooperman was employed and liable for repayment of the $1,428. The trial court held that the referee's decision was proper under Unemployment Insurance Code section 1252 and that Board's findings were not supported. The court granted a peremptory writ of mandate and adopted amended findings of fact and conclusions of law. The formal judgment granting peremptory writ was signed, filed and entered. The Board appeals.

STATEMENT OF FACTS

Cooperman has been engaged in the rendition of personal service as a cameraman-director for the past 10 years. He previously did business as

---

\*Assigned by the Chairman of the Judicial Council.

a sole proprietor and was an active member of a film craft union through which he sought employment as a cameraman-director. On the advice of his attorney, in October 1969, Cooperman formed a corporation—Image —to enhance his employment opportunities and to receive other benefits of incorporation.[1] The union allowed him to work both as an individual and through a corporation.

Cooperman, at all times relevant to this proceeding, was the president and sole shareholder of Image. Image sold the expertise and creative talents of Cooperman as a cameraman-director. At certain times, Image provided other ancillary services as a further inducement to customers, but never offered services which were not connected with Cooperman's talent as a cameraman-director. Image had no business or merchandise other than the supplying of the personal services of Cooperman.

In drafting findings, the trial court indicated a grave doubt that Image was "viable and solvent" and for that reason deliberately and purposely characterized Image as a corporation "in good standing." Image was a corporation in good standing; it paid all employer taxes, including unemployment insurance and payroll taxes on all of Cooperman's income. The only compensation which Cooperman received from Image was for his services as a cameraman-director, based on union scale and industry standards. Cooperman received no compensation or other emoluments for his alleged services as president of Image. Cooperman also received compensation for personal services as an individual rather than through his corporation on some jobs where he was employed individually.

The film industry's job market is erratic. One job can last from one day to a few weeks. The market is not seasonal, but remains erratic throughout the year. Cooperman's employment and unemployment were therefore not within his control. There were many weeks of inactivity between jobs during which Cooperman spent his time looking for jobs both as an individual and on behalf of Image. There was no substantial evidence that Cooperman rendered any actual service other than of a minimal nature as president of Image. His total service both as an individual and as an employee of Image was as a cameraman-director.[2]

---

[1] Cooperman testified that the corporation was set up on advice of his counsel to "insulate" him from personal liability on his contract and that he did not operate any differently than when he was a sole proprietorship. He testified that the corporation had "no property" except a $50 bank account.

[2] In its oral remarks during argument over findings, the trial court said:
"THE COURT: Mr. Hooper, this is a Mickey Mouse little corporation, it's an alter ego

## CONTENTIONS

The Board contends that:

1.   Cooperman and Image were not one and the same as a matter of law for the purpose of determining Cooperman's eligibility for benefits, and

2.   Cooperman was not eligible for benefits under Unemployment Insurance Code section 1252.

Additionally, Cooperman renews his request for attorney's fees on this appeal.

## DISCUSSION

The trial court received the record of the administrative proceedings into evidence, heard arguments, and made findings of fact and conclusions of law. The trial court thus made an independent evaluation of the evidence. This test is proper in an unemployment insurance benefits case.

■   The appeals board is a statutory statewide administrative body. (See Unemp. Ins. Code, §§ 401-411.) It does not have constitutional

---

of this man, and he is just out there scratching around trying to get a little employment for himself. The fact that he interposes a paper corporation should not be a motivating or a determining factor in this case. I think I said that before and I'm saying it again.

"MR. HOOPER: And I am not arguing with Your Honor.

"My only point is this: I want to know specifically whether he rendered any valuable services on behalf of the corporation. I realize that we are technically ignoring the corporation, and that's my whole point of trying to get a finding of fact and conclusion of law on that point.

"THE COURT: I would be more inclined to say he did not render any valuable services to the corporation. Any services that he rendered were ultimately for his own personal benefit.

"So if you want to put it in that he didn't render any services I will take that position.

"MR. HOOPER: Okay. He rendered no valuable services as president of the corporation.

"THE COURT: I will so indicate, unless Mr. Bloom is objecting to this.

"MR. BLOOM: Your Honor—

"THE COURT: And I would want to add onto that that his activities were directed solely toward his own self-employment, and that this corporation was just a vehicle to obtain work doing commercials, as I recall, as a convenient means of doing business.

". . . . . . . . . .

"THE COURT: All right. I'm going to change number 7 to read: 'It is true that petitioner rendered no valuable services to Image Films, Inc., as a separate entity from petitioner, in his capacity as president.' I am going to strike the rest of that and indicate: 'Any acts performed by petitioner for or on behalf of the corporation were performed for his own personal benefit and to secure personal employment.' "

authority to make final determinations of fact. In *Bixby* v. *Pierno*, 4 Cal.3d 130 [93 Cal.Rptr. 234, 481 P.2d 242], the court held that the trial court should make an independent evaluation if a vested, fundamental right is involved and should apply the substantial evidence test if a nonvested right is involved.[3]

■ The benefits provided by the Unemployment Insurance Act are fundamental, vested rights. Once a claimant meets the requirements of the act, he is entitled to a certain sum of money. The claimant cannot be deprived of this property right by an administrative agency without an independent evaluation by the trial court. (*Thomas* v. *California Emp. Stab. Com.*, 39 Cal.2d 501 [247 P.2d 561]; *Lacy* v. *California Unemployment Ins. Appeals Bd.*, 17 Cal.App.3d 1128 [95 Cal.Rptr. 566]; *Agnone* v. *Hansen*, 41 Cal.App.3d 524 [116 Cal.Rptr. 122].) Therefore, the trial court was required to evaluate the evidence.

■ The appellate court, on review of the judgment, must determine whether the findings and judgment of the trial court are supported by "substantial, credible and competent evidence" and whether a different result is compelled as a matter of law. (*Agnone* v. *Hansen*, 41 Cal.App.3d 524, 527 [116 Cal.Rptr. 122].)

The Board first contends that, as a matter of law, Cooperman and Image were not one and the same for the purpose of determining Cooperman's eligibility for benefits. ■ A corporation is generally considered to be a separate legal entity from its shareholders. (*Wenban Estate, Inc.* v. *Hewlett*, 193 Cal. 675, 696 [227 P. 723]; *Evelyn, Inc.* v. *California Emp. Stab. Com.*, 48 Cal.2d 588 [311 P.2d 500].) However, the corporate entity will be disregarded to prevent fraud, to protect third persons or to prevent a grave injustice. (*Wenban Estate, Inc.* v. *Hewlett, supra; Cal. Emp. Com.* v. *Butte County etc. Assn.*, 25 Cal.2d 624 [154 P.2d 892].) ■ A sufficient showing must be made that the corporation is but the instrumentality through which the individual transacts business. The court will look to the substance rather than the form to determine whether the corporation is the *alter ego* of the shareholders. (*Wenban Estate, Inc.* v. *Hewlett, supra; Minton* v. *Cavaney*, 56 Cal.2d 576 [15 Cal.Rptr. 641, 364 P.2d 473].)

---

[3]This case is not controlled by *Strumsky* v. *San Diego County Employees Retirement Assn.*, 11 Cal.3d 28 [112 Cal.Rptr. 805, 520 P.2d 29]. *Strumsky* held that the *Bixby* test must be applied to all administrative agencies (not just those of statewide jurisdiction) except those created by a constitutional provision.

Courts have held that the *alter ego* doctrine applies not only in cases where the rights of creditors or third persons are involved but also where the rights of shareholders are presented for consideration of the court. (*Conway* v. *Citrus Belt Land Co.,* 94 Cal.App. 533, 538 [271 P. 525].) ■ Before the acts and obligations of a corporation can be legally recognized as those of a particular person, it must be shown that the individuality and separateness of the corporation and the individual have ended and that it would be unjust to persist in the recognition of a separate entity. (*Continental Securities etc. Co.* v. *Rawson,* 208 Cal. 228, 234 [280 P. 954]; *Claremont Press Pub. Co.* v. *Barksdale,* 187 Cal.App.2d 813 [10 Cal.Rptr. 214].) A court of equity may use the *alter ego* doctrine to prevent a "palpable injustice." (*Wenban Estate, Inc.* v. *Hewlett, supra.*)

■ In the present case, Cooperman is not separable from Image. They are one and the same. If the Board is allowed to prevail, they will merely be exalting form over substance to deprive Cooperman of unemployment insurance benefits. Cooperman was the corporation in this instance. If the separability doctrine is applied, a grave injustice will be perpetrated since Cooperman will then be out of work, in fact ineligible to receive unemployment insurance for the mere reason that he does business as a corporation rather than as a sole proprietor.

In this modern age when an ever increasing number of people including professional people engaged in the rendition of personal services, incorporate themselves in order to continue to render personal services but in corporate form, such a distinction between the sole proprietor and the incorporated proprietor would be palpably injust and a denial of equal evenhanded treatment.

The fact that a corporate entity has been disregarded for some purposes in an action does not mean that it will be disregarded for all purposes. (*Grant* v. *Weatherholt,* 123 Cal.App.2d 34 [266 P.2d 185].) Thus, in the present case, the determination that the corporation and Cooperman were one and the same for purposes of unemployment compensation does not mean that Cooperman will necessarily be held personally liable for a tort or contract action brought against his corporation. (See *Minton* v. *Cavaney, supra; Remme* v. *Herzog,* 222 Cal.App.2d 863 [35 Cal.Rptr. 586].)

The trial court's decision on the *alter ego* doctrine must be upheld on appeal if it is supported by substantial evidence. (*H.A.S. Loan Service, Inc.* v. *McColgan,* 21 Cal.2d 518 [133 P.2d 391, 145 A.L.R. 349];

*Claremont Press Pub. Co.* v. *Barksdale, supra.*) In the case at bar, the finding that Cooperman and the corporation were one and the same is supported by substantial evidence and is not erroneous as a matter of law.

Cooperman was unemployed within the terms of California Unemployment Insurance Code section 1252.[4] The Board concedes that if Cooperman was not employed as the president of Image, he would be entitled to benefits.

However, any service which Cooperman performed while not working on a job as a cameraman-director was not only on behalf of Image, but also on behalf of himself as an individual. When not working as a cameraman-director, his time was spent looking for additional jobs as a cameraman-director, either individually or for Image. He "perform[ed] no services and with respect to which no wages [were] payable. . . ." (Unemp. Ins. Code, § 1252.) He received no compensation as president for his efforts in seeking employment. He did not even have the power to pay himself more because the corporation apparently had no assets other than the right to supply to others his services as a cameraman-director.

The Board has cited cases in support of the theory that an officer of the corporation who owns a controlling interest in the corporation, is not unemployed even if the corporation has no work since he can control his own employment. (See *Marvin* v. *Catherwood,* 24 App.Div.2d 924 [264 N.Y.S.2d 665]; *In re Lodico,* 11 App.Div.2d 873 [203 N.Y.S.2d 492]; *In re D'Angelo,* 11 App.Div.2d 825 [202 N.Y.S.2d 817]; *Child* v. *Board of Review of Industrial Commission,* 8 Utah 2d 239 [332 P.2d 928].) However, in these cases, the industries involved were seasonal. In the present case, the motion picture industry is erratic and Cooperman never knew when or for how long he would be employed. He could not control his employment when there was none available. Secondly, in the cases cited by the Board, the president of the corporation had managing affairs to attend to in the "off-season." In the present case, there was no off-season and when he was not working as a cameraman-director, Cooperman was only a figurehead president—"a minister without portfolio" as the British say. Cooperman did not have any managing responsibilities.

---

[4]California Unemployment Insurance Code section 1252 states: "An individual is 'unemployed' in any week during which he performs no services and with respect to which no wages are payable to him, or in any week of less than full-time work if the wages payable to him with respect to that week are less than his weekly benefit amount. . . ."

The public policy of the Unemployment Insurance Code is stated in section 100.[5] In order to follow this policy, Cooperman must be considered unemployed. It would be against the public policy of this state to declare that he is employed solely because he holds the figurehead title of president of Image when he receives no compensation and performs only *de minimus* services. Section 1252 of the California Unemployment Insurance Code, a remedial statute, must be liberally construed. (*California Emp. Com.* v. *Kovacevich,* 27 Cal.2d 546 [165 P.2d 917]; *Cal. Emp. Com.* v. *Butte County etc. Assn., supra.*)

■ "[T]he fundamental purpose of unemployment insurance is to cushion the impact of such impersonal industrial blights as seasonal, cyclical and technological idleness, and thus to provide benefits to workers coming within the provisions of the act for unemployment not occasioned with their consent or brought about by their fault." (*Jones* v. *California Emp. Stab. Com.,* 120 Cal.App.2d 770, 777 [262 P.2d 91].) The payment of benefits to Cooperman would fulfill the policy and purpose of the act and would not be in contravention of that policy and purpose. Thus, the trial court's decision is supported by the evidence and a different result is not compelled as a matter of law.

■ In its written brief and in oral argument Board expressly disclaims any contention that Cooperman formed Image in order to obtain unemployment insurance benefits which he would not otherwise have been entitled to. Board frankly admits that its claim that Cooperman is not entitled to unemployment insurance benefits is based solely on the fact that he is an officer of a viable corporation. Consequently, nothing said herein should be construed as applying to a different factual situation wherein an incorporator forms a corporation in order to obtain unemployment insurance benefits which he would not otherwise be entitled to. That question is not involved in this case.

---

[5]California Unemployment Insurance Code section 100 states in part:

"Experience has shown that large numbers of the population of California do not enjoy permanent employment by reason of which their purchasing power is unstable. This is detrimental to the interests of the people of California as a whole.

". . . . . . . . . . . . . . . . . . . .

"Experience has shown that private charity and local relief cannot alone prevent the effect of unemployment. . . .

"The Legislature therefore declares that in its considered judgment the public good and the general welfare of the citizens of the State require the enactment of this measure . . ., for the compulsory setting aside of funds to be used for a system of unemployment insurance providing benefits for persons unemployed through no fault of their own, and to reduce involuntary unemployment and the suffering caused thereby to a minimum."

Cooperman requests us to take judicial notice of decisions of Board relating to subsequent periods of time (not involved in this case) in which Board found that Cooperman was entitled to collect unemployment insurance benefits notwithstanding the fact that he served as president of Image. In view of the conclusion which we reach herein, it is not necessary to exercise such power of judicial notice. Such decisions would be persuasive only. We were already persuaded.

■ Cooperman requests this court to award him attorney's fees. His request was rejected by the trial court. Cost awards are separate and complete judgments in themselves and are governed by the law applicable to judgments generally. (*Stockton Theatres, Inc.* v. *Palermo,* 55 Cal.2d 439 [11 Cal.Rptr. 580, 360 P.2d 76].) Cooperman gave no notice of cross-appeal of this decision of the trial court as required under rule 3(c) of the California Rules of the Court. Since he did not appeal the judgment, he cannot now raise the point. (See *Muir* v. *Meredith,* 82 Cal. 19 [22 P. 1080].)

The judgment of the trial court is affirmed.

Stephens, Acting P. J., and Ashby, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 6, 1975.