[Crim. No. 3936.   First Dist., Div. Three.   Feb. 28, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. GERALD RAY FRANKLIN, Defendant and Appellant.

Richard H. Perry, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, John S. McInerny and Robert B. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

DRAPER, P. J.—A jury found defendant guilty of robbery (Pen. Code, § 211) and assault with a deadly weapon (Pen. Code, § 245). He was sentenced to concurrent terms on the two counts, and appeals from the judgment and the order denying new trial.

A man ordered a pack of cigarettes from a checker in a market. When she rang up the sale on the cash register and turned to him for payment, he pointed a gun at her, and said

"this is a holdup. Give me all the money." She complied. He directed her to a second cash register, warned "If you push that buzzer and ring for help, I will kill you," and directed her to give him the money from that register. He left the store. She crouched behind a counter and called for help. A male employee rushed from the store in pursuit of the robber, and was shot by him. Four persons present in the store at the time of the occurrence identified defendant as the robber, and circumstantial evidence also pointed to him.

Appellant first argues that since the woman checker did not affirmatively testify that she handed over the money because she was afraid, the evidence is insufficient to show that the taking was "accomplished by means of force or fear" (Pen. Code, § 211). Although the contention on its face seems wholly without substance, a similar issue has been raised before, and determined adversely to appellant (*People* v. *Borra,* 123 Cal.App. 482 [11 P.2d 403]).

Appellant also asserts error in the court's instruction that "the question is one of identity," and that if defendant was in fact the person who took the money he was guilty of robbery. It is argued that this took from the jury the elements of the corpus delicti, which properly should be submitted for determination. But the defense was wholly and solely on the issue of identity. Trial counsel for defendant, in his argument to the jury, said "In the event this is the man, he has committed these crimes." There is no error.

We find no merit in the remaining points raised by appellant.

Judgment and order affirmed.

Salsman, J., and Devine, J., concurred.