[No. E008096. Fourth Dist., Div. Two. Oct. 10, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
EDWARD MUNGIA, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

---

*This opinion certifed for partial publication pursuant to rules 976(b) and 976.1 of the California Rules of Court except sections 2, 3 and 4.

## COUNSEL

Mark Alan Hart, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Robert M. Foster and Raquel M. Gonzalez, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**TIMLIN, Acting P. J.—**

### INTRODUCTION

Edward Mungia (defendant) was charged in count 1 with robbery, a felony (Pen. Code, § 211) and in count 2 with unlawful possession of a hypodermic needle and syringe, a misdemeanor (Bus. & Prof. Code, § 4149). It was also alleged that he had suffered two prior serious felony convictions within the meaning of Penal Code section 667, and one prior felony conviction with service of a prison term within the meaning of Penal Code section 667.5, subdivision (b).[1]

Defendant entered pleas of not guilty and denied the prior conviction allegations. On the day jury trial began, he withdrew his plea of not guilty to count 2, and entered instead a plea of guilty. The jury returned a verdict of guilty of robbery on count 1. After defendant and the People waived jury trial, the court found that the allegations of the three prior convictions were true.

---

[1]All further references to code sections will be to the Penal Code unless otherwise noted.

Defendant was sentenced to the upper term of five years for the robbery. The court imposed two consecutive five-year sentences pursuant to section 667 for two prior serious felony convictions, and a one-year sentence pursuant to section 667.5, subdivision (b) for the prior felony conviction with service of a prison term, resulting in a total sentence of sixteen years in state prison. As to count 2, defendant was sentenced to 178 days custody in county jail against which was credited presentence custody and conduct credit of 178 days.

Defendant, having filed timely notice of appeal, now contends that:

(1) there is insufficient evidence to establish the element of force or fear necessary to sustain a conviction of robbery;

(2) the trial court committed reversible error by allowing in evidence that the victim was pregnant;

(3) the prosecuting attorney committed prejudicial misconduct by informing the jury that the instruction on force was requested by the defendant, and no effort was made below to cure the prejudice caused by this misconduct; and

(4) the trial court improperly used the fact of defendant's prior convictions to both enhance defendant's sentence and to impose the upper term.

FACTS

On December 16, 1989, Margret Hogeland, accompanied by her five-year-old daughter, went to a Kmart store in Riverside shortly after 5 o'clock in the evening. After returning a game her child had received, she left the store and walked toward her parked car, carrying her purse on a strap over her right shoulder, and holding her daughter's hand with her right hand.

Just as she passed one end of her car and let go of the child's hand, "someone came up behind me and shoved me enough to get my purse off my shoulder." Ms. Hogeland specified that she had been shoved on her right shoulder. She testified that the shove was a separate motion from the motion used to remove the purse from her shoulder. Before the purse was removed from her shoulder, she did not see or hear the person who seized it, nor did he say anything to her.

Ms. Hogeland screamed, realized there was no one else around, and gave chase. Although she was unable to retrieve her purse before the perpetrator

reached a getaway car, she did manage to note his clothing and physical appearance and the description of the car. She also memorized the license number of the car and later wrote it down.

Using the license plate number, the police quickly apprehended defendant and also the driver of the car. Approximately one and a half hours after the commission of the crime, Ms. Hogeland made an in-field identification of defendant as the perpetrator based on his clothing and physical appearance. At the same time, she also identified the getaway car.

At trial, the prosecuting attorney asked Ms. Hogeland if she had been eight months' pregnant at the time of the crime. Defendant's attorney objected on the ground of irrelevancy, and the prosecuting attorney argued that her physical condition was relevant on the issue of the force needed to establish robbery. The objection was overruled and she then stated that she had been eight months' pregnant. On cross-examination, when asked if she had fallen forward because of the push, Ms. Hogeland replied, "No, it's a good thing I didn't because I was eight months['] pregnant and had toxemia." On redirect, she explained that toxemia is a condition "you get when you are pregnant, causes you to retain water and you have high blood pressure and it's dangerous for you and the baby." She also testified that she was 5 feet 4 inches tall and had weighed 180 pounds at the time of the crime.

## DISCUSSION

1. *There Is Sufficient Evidence That Defendant Used the Required Force to Sustain His Conviction of Robbery*

Defendant contends that there is insufficient evidence of force or fear to establish that the crime alleged in count 1 of the information was robbery (§ 211) rather than a necessarily included lesser offense of grand theft from the person (§ 487, subd. 2).

Robbery is "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (§ 211.) It is the use of force or fear which distinguishes robbery from grand theft from the person. (*People v. Church* (1897) 116 Cal. 300, 304 [48 P. 125].)

Defendant acknowledges that whether there is force or fear is a factual question for the jury (*People v. Roberts* (1976) 57 Cal.App.3d 782, 787 [129 Cal. Rptr. 529], disapproved on other grounds, *People v. Rollo* (1977) 20 Cal.3d 109, 120, fn. 4 [141 Cal.Rptr. 177, 569 P.2d 771]), but

contends that there must be evidence of something more than the amount of force necessary to accomplish the mere taking of the property itself. (*People v. Morales* (1975) 49 Cal.App.3d 134, 139 [122 Cal.Rptr. 156].)

As examples, defendant cites (1) *People* v. *Roberts, supra,* in which evidence that the victim's purse was snatched from her arm with enough force to break its handle, was sufficient evidence of force to support a robbery conviction, (2) *People* v. *Lescallett* (1981) 123 Cal.App.3d 487 [176 Cal.Rptr. 687], in which evidence that the victim's purse was snatched from her hand after she first observed the defendant running toward her, and she was frightened, was sufficient evidence of fear to support a robbery conviction, and (3) *People* v. *Church, supra,* 116 Cal. 300, in which there was evidence that defendant grabbed a watch and chain from the victim's vest. One witness testified that there was some "difficulty" between the victim and defendant, and that the victim began to fall backwards. Other witnesses' testimony indicated nothing more than that defendant had quickly snatched the watch from the victim's person. In spite of the apparently conflicting testimony, it was held that there was sufficient evidence to require that the trial court instruct the jury on *both* robbery and larceny.

After discussing the above noted cases, defendant contends that in this case, "it is clear that the amount of force used was no more than that necessary to remove the property. There was no additional force, no resistance, and no threats necessary to make the offense a robbery."

However, defendant misinterprets the evidence. According to the victim, defendant first shoved her, and then, in a separate motion, snatched the purse from her shoulder. He also overstates the law, because neither resistance by the victim nor threats by the perpetrator are necessary elements of robbery. (§ 211.)

The question then is whether Ms. Hogeland's testimony as to being shoved before the taking and as to her physical condition was sufficient evidence of force to support the implied finding by the jury that defendant used more force than necessary to accomplish the taking of her purse or, stated another way, did defendant engage in a measure of force at the time of taking to overcome the victim's resistance?

█ The force or fear required by section 211 is not synonymous with a physical corporeal assault. (*People* v. *Hays* (1983) 147 Cal.App.3d 534, 543 [195 Cal.Rptr. 252].) "The terms 'force' and 'fear' as used in the definition of the crime of robbery have no technical meaning peculiar to the law and must be presumed to be within the understanding of jurors." (*People* v. *Anderson* (1966) 64 Cal.2d 633, 640 [51 Cal.Rptr. 238, 414 P.2d 366].)

"Force" is a relative concept. An able-bodied and/or large person may experience a given physical act applied to her body as less forceful than would a feeble, handicapped or small person. The concept that some persons are more vulnerable, i.e., more "defenseless, unguarded, unprotected, accessible, assailable, [or] . . . susceptible to the defendant's criminal act" (*People* v. *Smith* (1979) 94 Cal.App.3d 433, 436 [156 Cal.Rptr. 502]) has been recognized by the courts and Legislature. (See, e.g., § 1170.85, subd. (b); Cal. Rules of Court, rule 421 (a)(3).) Although we have not found any cases which explicitly hold that the victim's physical characteristics may be taken into account by the jury in determining whether the physical act applied to the victim constituted "force" within the meaning of section 211, the fact that "force" is a factual question to be determined by the jury using its own common sense leads us to conclude that the jury may properly consider such characteristics.

Furthermore, the defendant's physical characteristics in comparison to those of the victim may also be particularly relevant in determining whether the physical act applied by the defendant to the victim constituted "force." A shove by a defendant who is larger or stronger than his victim may lead a jury to find that the shove amounted to the necessary "force."

 Here, given Ms. Hogeland's testimony that defendant shoved her, separate and apart from snatching her purse, as well as the jury's ability to view the relative size and apparent strength of defendant and Ms. Hogeland, and her further testimony that at the time of the crime she was eight months' pregnant, and thus inferably more susceptible to being shoved off-balance and less able to recover her equilibrium quickly, we cannot say that there was insufficient evidence to support the jury's implied finding, when it returned a verdict of guilty of robbery rather than grand theft from the person, that defendant used more force than necessary to accomplish the snatching of Ms. Hogeland's purse and to overcome any resistance by her.[2]

---

[2]The People also argued that there was sufficient evidence of fear to support defendant's conviction of robbery. We disagree.

Although the victim need not explicitly testify that he or she was afraid in order to show the use of fear to facilitate the taking (see, e.g., *People* v. *Brown* (1989) 212 Cal.App.3d 1409, 1418 [261 Cal.Rptr. 262], disapproved on another ground, *People* v. *Hayes* (1990) 52 Cal.3d 577, 628 [276 Cal.Rptr. 874, 802 P.2d 376]), there must be evidence from which it can be inferred that the victim was in fact afraid, and that such fear allowed the crime to be accomplished. (See, e.g., *id.* at pp. 1418-1419; *People* v. *Franklin* (1962) 200 Cal.App.2d 797 [19 Cal.Rptr. 645].)

The evidence showed that Ms. Hogeland was not aware of defendant's approach or planned purse snatch until he had actually snatched her purse from behind. After realizing that her purse was gone and that no one was nearby, she pursued him on foot, and, failing to catch

2. - 4.*

. . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The judgment is affirmed.

McKinster, J., and McDaniel, J.,† concurred.

Appellant's petition for review by the Supreme Court was denied January 16, 1992.

---

him, nonetheless bent over behind his getaway car long enough to repeat its license number to herself three times in her successful attempt to memorize it.

Although the People attempt to characterize the Kmart parking lot as being deserted, thus adding to the frightening aspect of the crime, a fair reading of the testimony does not indicate that the lot was deserted, but only that there was no one close enough that Ms. Hogeland could call him or her to stop defendant. There is nothing in the record which indicates, or from which it can be inferred, that Ms. Hogeland's purse was taken from her through the use of fear.

*See footnote, *ante*, page 1703.

†Retired Associate Justice of the Court of Appeal, Fourth District, sitting under assignment by the Chairperson of the Judicial Council.