Filed 7/15/13  P. v. Boyd CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DYSHON DAMONE BOYD,<br><br>    Defendant and Appellant. | D062165<br><br><br><br>(Super. Ct. Nos. SCD227817, SCD238854) |

APPEAL from a judgment of the Superior Court of San Diego County,

Kerry Wells, Judge.  Affirmed.

Jill M. Klein, under appointment by the Court of Appeal, for Defendant and

Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General,

Peter Quon, Jr. and Seth M. Friedman, Deputy Attorneys General, for Plaintiff and

Respondent.


A jury convicted Dyshon Damone Boyd of robbery.  He appeals, contending the

evidence did not support the conviction and the trial court erred by not instructing the

jury on battery as a lesser included offense. We reject his arguments and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In January 2012, while Boyd was on probation for an earlier offense, Musa Molay was waiting at a bus stop carrying a camera inside a camera bag. A woman, a boy, and a girl were also waiting at the bus stop. Boyd approached the bus stop looking upset and angry. He pointed at the boy and loudly accused the boy of looking at him.

Boyd then accused Molay of looking at him. When Molay asked Boyd if he was okay, Boyd responded by angrily repeating, "Are you okay?" Boyd approached Molay as if to fight and pushed him in the chest. As Molay took his cell phone out of his pocket to call 911, Boyd struck Molay's hand and knocked the phone into the street. When Molay bent over to retrieve the phone, Boyd tried to kick it away. Boyd then grabbed the camera bag from Molay's shoulder and struck Molay in the back of the head with it. After Boyd tried again to hit Molay with the bag, Molay tackled him to the street. Boyd got up and ran away with the camera bag as Molay chased him while simultaneously calling the police on his cell phone.

Boyd ran for about one block and then threw the camera bag into the street. Molay kept chasing Boyd until Boyd stopped running and told Molay to stay away. Boyd came toward Molay like he wanted to fight, but then started running again. San Diego Police Officer Derrick Young arrived and located Boyd. Officer Young yelled at Boyd to stop, but Boyd kept running. The police eventually took Boyd into custody.

An information charged Boyd with robbery and resisting a peace officer in the discharge of the officer's duties. Following a preliminary hearing and probation revocation hearing, the trial court held Boyd to answer on the new charges and formally revoked probation on his prior convictions, with sentencing on the probation violation to trail the new case. A jury found Boyd guilty of resisting a peace officer, but the trial court declared a mistrial on the robbery count. After a retrial, another jury found Boyd guilty of robbery.

The trial court sentenced Boyd to a three-year prison term on the instant case and a concurrent two-year prison term on his prior conviction. Boyd timely appealed.

DISCUSSION

I. *Robbery*

In evaluating the sufficiency of the evidence, we "review the whole record in the light most favorable to the judgment . . . to determine whether it discloses substantial evidence—that is, evidence [that] is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Johnson* (1980) 26 Cal.3d 557, 578.) We "must accept logical inferences that the jury might have drawn from the circumstantial evidence." (*People v. Maury* (2003) 30 Cal.4th 342, 396.) Before a verdict may be set aside for insufficiency of the evidence, a party must demonstrate "that upon no hypothesis whatever is there sufficient substantial evidence to support it." (*People v. Redmond* (1969) 71 Cal.2d 745, 755.)

Boyd contends the evidence does not support the jury's finding that he committed a robbery because it does not show that any force used against Molay was motivated by

3

an intent to steal. Rather, Boyd contends the evidence overwhelmingly showed that he approached Molay intending to fight him, not steal from him. We disagree as the evidence supports a reasonable inference that Boyd was motivated by an intent to steal when he used force or fear against Molay.

The elements of robbery are (1) the taking of personal property (2) from a person or the person's immediate presence (3) by means of force or fear (4) with the intent to permanently deprive the person of the property. (Pen. Code, § 211; *People v. Marshall* (1997) 15 Cal.4th 1, 34 (*Marshall*).) "Fear" may be either "fear of an unlawful injury to the person or property of the person robbed" or "fear of an immediate and unlawful injury to the person or property of anyone in the company of the person robbed at the time of the robbery." (Pen. Code, § 212.)

To support a robbery conviction, the evidence must show that the requisite intent to steal arose either before or during the commission of the act of force or fear. (*Marshall*, *supra*, 15 Cal.4th at p. 34.) "The wrongful intent and the act of force or fear 'must concur in the sense that the act must be motivated by the intent.'" (*Ibid*., quoting *People v. Green* (1980) 27 Cal.3d 1, 53.) Whether force or fear existed is a question for the trier of fact. (*People v. Mungia* (1991) 234 Cal.App.3d 1703, 1707.) Similarly, the intent to steal is a question of fact (*People v. Jennings* (1991) 53 Cal.3d 334, 364–366) and "may ordinarily be inferred when one person takes the property of another, particularly if he [or she] takes it by force . . . ." (*People v. Butler* (1967) 65 Cal.2d 569, 573.)

4

Here, the evidence and reasonable inferences therefrom establish all of the elements of a robbery. Boyd grabbed the camera bag off Molay's shoulder, swung the bag at Molay, fought with Molay and then ran away with the bag. Boyd ran with the bag while Molay gave chase. It was only after Molay chased Boyd for about a block that Boyd threw the camera bag away. The jury could reasonably infer that Boyd's actions and statements toward Molay before he grabbed the camera bag constituted the force necessary to enable him to get the bag away from Molay, and that the actions he took after grabbing the bag enabled him to abscond with it. A reasonable trier of fact could also conclude that Boyd intended to permanently deprive Molay of his property when he ran away with the bag, but that he eventually abandoned the bag in an attempt to escape.

The jury instructions properly informed the jury that Boyd's "intent to take the property must have been formed before or during the time he used force or fear. If the defendant did not form this required intent until after using the force or fear, then he did not commit robbery." (CALCRIM No. 1600.) During closing argument, defense counsel addressed this point, asserting the evidence did not support a conclusion that Boyd had the intent to steal the camera when he used force or fear and thus this element of robbery was not satisfied. The jury necessarily rejected this assertion and we are bound to give due deference to the trier of fact and not retry the case ourselves. (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206.)

## II. *Lesser Included Offense*

Boyd asserts battery was a lesser included offense of robbery under the accusatory pleading test because the information charged him with committing robbery by means of

5

"force and fear." Accordingly, he claims the trial court had a sua sponte duty to instruct on battery as a lesser included offense of robbery and its failure to do so was prejudicial because there was substantial evidence from which the jury could reasonably conclude he hit Molay to provoke a fight rather than to steal from him.

Generally, a trial court must, even in the absence of a request, instruct on the lesser included offenses of any charged crimes. (*People v. Cunningham* (2001) 25 Cal.4th 926, 1007–1008.) A lesser offense is necessarily included in a greater offense if either the statutory elements of the greater offense, or the facts actually alleged in the accusatory pleading, include all the elements of the lesser offense such that the greater cannot be committed without also committing the lesser. (*People v. Moon* (2005) 37 Cal.4th 1, 25–26 (*Moon*).)

Under the elements test, we ask if all the legal elements of the lesser crime are included in the definition of the greater crime, such that the greater cannot be committed without committing the lesser. (*Moon*, *supra*, 37 Cal.4th at pp. 25–26.) As Boyd impliedly concedes, battery is not a lesser included offense of robbery under the statutory definition or elements test because it is possible to commit a robbery without the application of physical force against the person of another. (*People v. Romero* (1943) 62 Cal.App.2d 116, 121.) Rather, Boyd relies on the accusatory pleading test where we look to whether the accusatory pleading describes the greater offense in language such that the offender, if guilty, must necessarily have also committed the lesser crime. (*Moon*, *supra*, at pp. 25–26.)

6

By statute, a robbery may be committed by a taking of property from the person of another by means of force or fear. (Pen. Code, § 211.) Here, however, the information charged Boyd with committing the robbery against the victim in the conjunctive, i.e., by means of "force and fear," rather than the statutory disjunctive. Thus, Boyd contends that based on the particular accusatory pleading in this case, an instruction on battery as a lesser included offense was required.

Other courts have considered and rejected similar arguments. "When a crime can be committed in more than one way, it is standard practice to allege in the conjunctive that it was committed every way. Such allegations do not require the prosecutor to prove that the defendant committed the crime in more than one way. [Citation.] We read the information to have charged defendant with violating [the charged offense] in the statute's terms. 'When . . . the accusatory pleading describes a crime in the statutory language, an offense is necessarily included in the greater offense when the greater offense cannot be committed without necessarily committing the lesser offense.' [Citations.] The statutory elements test is the only one relevant here. The trial court need not have instructed the jury that . . . [the claimed lesser included offense] was an offense included in [the charged offense]." (*People v. Lopez* (2005) 129 Cal.App.4th 1508, 1532–1533 (*Lopez*); also, *People v. Moussabeck* (2007) 157 Cal.App.4th 975, 981.) As in *Lopez*, an information charging robbery by means of force and fear is treated as if it were in the statutory disjunctive of force or fear, and the legal elements test is applied to determine if there are lesser included offenses. As discussed above, under the legal elements test, battery is not a lesser included offense of robbery.

7

In any event, robbery may be found where the force used is only constructive, i.e., it does not require a physical act but operates on a fear of injury. (*People v. Wright* (1996) 52 Cal.App.4th 203, 210 (*Wright*); *People v. Burns* (2009) 172 Cal.App.4th 1251, 1257, fn. 2 [citing *Wright* as authority for the proposition that when the use of force and fear is alleged conjunctively, "the coercive effect of the fear amounts to force"].) Although Boyd claims *Wright* was wrongly decided, we disagree as it is possible to commit a robbery by forcing a victim to surrender property without battering the victim, e.g., by waving a weapon near the victim. (*Marshall*, supra, 15 Cal.4th at pp. 38–39 [a battery requires a touching of the victim].)

Finally, even assuming battery is a lesser included offense of robbery, the assumed error was not prejudicial because the evidence does not absolve Boyd of the greater offense. (*People v. Breverman* (1998) 19 Cal.4th 142, 178 ["in a noncapital case, error in failing sua sponte to instruct, or to instruct fully, on all lesser included offenses and theories thereof which are supported by the evidence must be reviewed for prejudice exclusively under [*People v.*] *Watson* [(1956) 46 Cal.2d 818, 836]".) In analyzing prejudice, we consider "not . . . what a reasonable jury *could* do, but what such a jury is *likely* to have done in the absence of the error under consideration." (*Id.* at p. 177.)

Although Boyd testified that he never touched Molay or took his camera bag, Molay testified that Boyd attacked him and ran away with his camera bag. Thus, the jury's failure to acquit Boyd suggests it did not believe Boyd's story that he never touched Molay or took the camera bag. Additionally, the jury had the option of convicting Boyd of the lesser included offense of petty theft. Theft, like robbery, requires a finding that

8

the defendant had the specific intent to deprive the rightful owner of the property. (*People v. Kunkin* (1973) 9 Cal.3d 245, 251; CALCRIM No. 1800.)  The jury rejected this option, necessarily implying it concluded that Boyd's use of force (the attack) was connected to his intent to steal the camera bag.  Thus, it is not reasonably probable the jury would have convicted Boyd of battery, rather than robbery, if it had been instructed on battery as a lesser included offense.

DISPOSITION

The judgment is affirmed.


McINTYRE, J.

WE CONCUR:

BENKE, Acting P. J.

IRION, J.