Filed 1/14/14  P. v. Alamillo CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H038668 |
| Plaintiff and Respondent, | (Santa Cruz County Super. Ct. No. F21766) |
| v. | |
| EDUARDO OVIEDO ALAMILLO, | |
| Defendant and Appellant. | |

Defendant Eduardo Oviedo Alamillo appeals his conviction for felony second-degree robbery (Pen. Code, §§ 211, 212.5, subd. (c))[1] stemming from his removal of two packages of beer from a market in Watsonville.  Defendant's only contention on appeal is that there was insufficient evidence of taking the beer by force or fear to support the robbery conviction.  For the reasons stated here, we will affirm the judgment.

## I.       FACTUAL AND PROCEDURAL BACKGROUND

This factual background is based on the testimony of Valente Arteaga, the manager of the market, offered during defendant's one-day bench trial.

On October 19, 2011, defendant entered the market with a companion.  Arteaga recognized defendant because the market's surveillance cameras had previously recorded defendant and another individual stealing a product from the market on one occasion and breaking store windows on another occasion.  Because of defendant's negative history

_____

[1] Unspecified statutory references are to the Penal Code.

with the market, Arteaga alerted other employees via a radio device of defendant's presence.

Defendant walked to the beer section of the market and appeared nervous, repeatedly looking toward the cash registers in the front of the store. Defendant's companion remained near the cash registers and appeared to communicate with defendant by nodding and shaking his head. Defendant then walked over to Arteaga and told him he "knew" him and that Arteaga "shouldn't get involved with [defendant's] family." Arteaga felt threatened and fearful because of these statements. Defendant's companion then walked over to Arteaga but did not speak. Defendant then told Arteaga that he and his companion would be waiting for Arteaga outside, which Arteaga understood to mean that if he followed them, "something more serious would happen." Although defendant was not yelling, Arteaga characterized the encounter as "[a] little combative." After defendant finished talking to Arteaga, he and his companion returned to the beer section, took two packages of beer, and left the store. Neither Arteaga nor any other market employee confronted defendant or his companion, opting instead to report the matter to the police.

Regarding his failure to confront or follow defendant following the theft, Arteaga stated that his "first concern is my safety and the safety of my employees . . . ." These safety concerns outweighed Arteaga's concerns about the theft of a relatively small amount of merchandise. The decision not to follow defendant was also based on a store policy to report thefts to the police rather than attempting to stop shoplifters. Arteaga testified that this policy is borne of concerns for employee safety.

Defendant was arrested, charged, and held to answer via amended information for: (Count 1) felony active participation in a street gang (§ 186.22, subd. (a)); (Count 2) felony second-degree robbery (§§ 211, 212.5, subd. (c)); (Count 3) felony dissuading a witness from testifying by force or threat of force (§ 136.1, subd. (c)(1)); (Count 4) felony second-degree commercial burglary (§§ 459, 460, subd. (b)); (Count 5) felony

possession of methamphetamine (Health & Safety Code, 11377, subd. (a)); (Count 6) felony commercial burglary (§§ 459, 460, subd. (b)); and (Count 7) felony commercial burglary (§§ 459, 460, subd. (b)). The amended information also included an on-bail special allegation (§ 12022.1) as to counts one through five.

In March 2012, after the parties agreed to amend the information to reduce the gang crime alleged in count 1 to a misdemeanor, defendant pleaded no contest to counts 1, 4, 6, and 7 and the People agreed to dismiss counts 3 and 5. Defendant waived his right to a jury trial as to count 2 (robbery) and the court conducted a bench trial in June 2012. The court heard testimony from Arteaga (summarized above) and arguments from counsel. Defense counsel argued there was an insufficient nexus between Arteaga's fear and defendant's theft to meet the requirement that the theft was "accomplished by means of force or fear." (§ 211.) Because of the market's non-confrontation policy, counsel argued, Arteaga would not have confronted defendant even if defendant had not spoken with him. The trial court found defendant guilty of second-degree robbery.

The court sentenced defendant in August 2012 to a total of three years, eight months in state prison, as follows: the middle term of three years for second-degree robbery (count 2); eight months consecutive for commercial burglary (count 4); two years (to be served concurrently with count 2) for commercial burglary (count 6); a stayed sentence (§ 654) for commercial burglary (count 7); and stayed sentences for on-bail enhancements related to counts two and four. Defendant timely appealed.

## II.    DISCUSSION

Defendant challenges the sufficiency of the evidence of force or fear in connection with the theft of the beer to support a second-degree robbery conviction under section 211. "In assessing the sufficiency of the evidence, we review the entire record in the light most favorable to the judgment to determine whether it discloses evidence that is reasonable, credible, and of solid value such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Bolin* (1998) 18 Cal.4th 297,

331.)  To overturn a conviction, "it must clearly appear that upon no hypothesis whatever is there sufficient substantial evidence to support it."  (*People v. Redmond* (1969) 71 Cal.2d 745, 755.)

Section 212 clarifies that fear for purposes of robbery can consist of either "fear of an unlawful injury to the person or property of the person robbed, or of any relative of his or member of his family," or "fear of an immediate and unlawful injury to the person or property of anyone in the company of the person robbed at the time of the robbery." Defendant concedes that fear is a subjective element, which is satisfied when "the victim was in fact afraid . . . ."  (*People v. Mungia* (1991) 234 Cal.App.3d 1703, 1709, fn. 2.) Defendant further concedes that Arteaga was, in fact, afraid of him.  Despite Arteaga's subjective fear, however, defendant contends there was insufficient evidence of the necessary causation between Arteaga's fear and his failure to confront defendant. (*Mungia, supra*, at p. 1709, fn. 2 [conviction requires showing that "fear allowed the crime to be accomplished"].)

Defendant claims it was the market's policy advising against intervention in thefts, and not Arteaga's fear of defendant, that prevented him from taking action to stop defendant from taking the beer.  In support, defendant points to Arteaga's testimony that he would not have confronted defendant even if defendant had not talked to him beforehand.  We disagree.

There was sufficient substantial evidence to show that Arteaga's fear of defendant prevented him from intervening regardless of the existence of a store policy of non-intervention.  Defendant told Arteaga he knew who he was and warned him not to "get involved with [defendant's] family."  Defendant also informed Arteaga that he and his companion would be waiting for him outside.  These comments were all made during a conversation Arteaga characterized as "[a] little combative."  Arteaga testified that he felt threatened and fearful as a result of these comments, and that he believed "something

more serious would happen" if he intervened. We find the foregoing evidence sufficient to support the conviction.

As for the store's non-intervention policy, while it might have informed Arteaga's decision not to intervene, the presence of the policy does not negate his fear or destroy the causation between defendant instilling that fear and stealing the beer. As the prosecutor argued below, a contrary holding would create the risk that "[h]aving a policy would mean you can never rob any store." Where, as here, there is both a store policy and substantial evidence that an individual failed to intervene due to "fear of an unlawful injury to the person or property of the person robbed," the evidence is sufficient to sustain a conviction. (§ 212.)

The cases relied on by defendant do not support his arguments. Defendant cites *People v. Villa* (2007) 157 Cal.App.4th 1429, in which the court upheld a conviction when the evidence showed Villa pointed what the victim thought was a gun at the victim in order to dissuade the victim from chasing him. (*Id.* at p. 1433.) Defendant attempts to distinguish *Villa* by emphasizing the absence of a weapon as a means of accomplishing his theft. But possession of a weapon is not an element of robbery. (§ 211.) Despite being unarmed, as discussed above, substantial evidence before the trial court showed that defendant threatened Arteaga and that his threats (as well as the store policy) dissuaded Arteaga from confronting defendant. No more was necessary to support a conviction.

Defendant also cites *People v. Prieto* (1993) 15 Cal.App.4th 210, which similarly supports the conviction. There, the victim placed her purse in a friend's lap as she pushed the friend in a wheelchair through a parking lot. (*Id.* at p. 212.) Prieto grabbed the victim's purse while the victim was four to five feet away, the friend held onto the purse and struggled with Prieto, and Prieto ultimately wrested the purse from the friend and fled. (*Ibid.*) On appeal from his conviction for robbery, Prieto argued that he did not accomplish the robbery by means of fear as to the victim because she was four to five

feet away from the location of the theft.  (*Id.* at p. 215.)  The appellate court disagreed, determining that it was reasonable to infer that Prieto's "forceful struggle" with the victim's friend caused the victim "to be fearful and shocked," leading her to be "less inclined or able than she otherwise would have been to prevent [Prieto] from taking her purse." (*Id.* at p. 216.)  Like the victim in *Prieto*, the evidence here supports an inference that Arteaga was less inclined to prevent defendant from taking the beer as a direct result of defendant's threats.

## III.    DISPOSITION

The trial court's judgment is affirmed.

_____

Grover, J.

**WE CONCUR:**

_____

Premo, Acting P.J.

_____

Mihara, J.