Filed 2/16/16  P. v. Thornton CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D068949 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE295036) |
| WILLIAM CECIL THORNTON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2010, William Cecil Thornton pleaded guilty to one count each of robbery and petty theft and admitted two prior prison term enhancements.  The trial court sentenced him to three years in prison.  On our own motion, we take judicial notice that Thornton appealed from the judgment.  (Evid. Code, § 452, subd. (d)(1).)  While that appeal was

pending, Thornton filed a writ of habeas corpus. The trial court concluded that Thornton had received ineffective assistance when defense counsel allowed him to plead guilty to both robbery and the lesser included offense of petty theft. The trial court modified Thornton's sentence by vacating the petty theft conviction and the sentence for that conviction. Thereafter, we affirmed Thornton's judgment. (*People v. Thornton* (Dec. 8, 2010, D056846) [nonpub. opn.].)

In 2015, Thornton filed a petition, in propria persona, to reduce his robbery conviction to a misdemeanor under Penal Code section 17 and Proposition 47, the Safe Neighborhoods and Schools Act, Penal Code section 1170.18. (Undesignated statutory references are to the Penal Code.) (See *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089 (*Rivera*).) The trial court denied the petition because Thornton had a disqualifying conviction under section 290. Thornton timely appealed.

DISCUSSION

Appointed appellate counsel filed a brief summarizing the facts and proceedings below. He presented no argument for reversal, but asked this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). Counsel advised defendant of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. We also granted Thornton permission to file a brief on his own behalf. Thornton filed a document entitled a "supplemental brief," but included therein a petition for writ of habeas corpus alleging he received ineffective assistance when counsel allowed him to plead guilty to both robbery and petty theft as petty theft is a lesser included offense of robbery. By

2

order dated February 4, 2016, we struck the supplemental brief and directed the clerk of the court to treat the document as a petition for writ of habeas corpus and assign it a separate case number. On our own motion, we take judicial notice of all documents filed in this related habeas petition, case number D069702. (Evid. Code, § 452, subd. (d)(1).) We deny the petition by separate order.

Proposition 47 created a resentencing provision, codified at section 1170.18, which provides that a person currently serving a sentence for certain designated felonies may petition for recall of the sentence to reduce the felony to a misdemeanor. (*Rivera*, *supra*, 233 Cal.App.4th at p. 1092.) "Robbery is 'the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear.' (§ 211.) It is the use of force or fear which distinguishes robbery from grand theft [or petty theft] from the person." (*People v. Mungia* (1991) 234 Cal.App.3d 1703, 1707.) Section 1170.18 does not list section 211, the offense at issue, as one of the code sections amended or added by Proposition 47. Accordingly, the trial court properly denied Thornton's petition for recall of sentence because Thornton is not statutorily eligible for relief under section 1170.18.

Finally, for a conviction to be subject to reduction to a misdemeanor under section 17, subdivision (b), the charging statute, or statute prescribing punishment, must provide that the crime is a "wobbler," that is, punishable either by imprisonment in state prison or county jail. (See § 17, subd. (b)(3); *People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 974 & fn. 4.) Since section 213 makes robbery punishable by imprisonment in state

prison, and does not provide for a fine or imprisonment in the county jail, it is not a wobbler.

In addition to considering Thornton's submission, we examined the entire record to determine if there are any other arguable issues on appeal. Based on that independent review, we have determined there are no arguable issues on appeal. Competent counsel has represented Thornton on this appeal.

DISPOSITION

The order is affirmed.

McINTYRE, J.

WE CONCUR:

BENKE, Acting P. J.

O'ROURKE, J.

4