Filed 5/25/16  P. v. Reviere CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064950 |
| v. | (Super.Ct.No. FSB12115) |
| RAYMOND KEITH REVIERE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## FACTUAL AND PROCEDURAL HISTORY

### A.    PROCEDURAL HISTORY

On September 24, 1996, in case No. FSB12115, an information charged defendant and appellant Raymond Keith Reviere with second degree robbery under Penal Code[1] section 211, with two enhancements for personal use of a firearm under section 12022.5, subdivision (a), and two prior robbery convictions under sections 1170.12, subdivisions (a) through (d) and 667, subdivisions (b) through (i).

On March 21, 1997, in case No. FSB13691, another information charged defendant with one count of robbery under section 211, with an enhancement for personal use of a weapon (knife), and two prior robbery convictions under sections 1170.12, subdivisions (a) through (d) and 667, subdivisions (b) through (i).  On March 18, 1997, this case was consolidated into case No. FSB12115.

On January 30, 1998, a jury found defendant guilty of one count of second degree robbery, but not guilty of personal use of a firearm.  On April 19, 1998, the court sentenced defendant to an indeterminate term of 25 years to life under the "Three Strikes" law.  We affirmed the conviction on appeal.[2]

On September 16, 2015, defendant filed an in propria persona petition for resentencing under section 1170.18.  On October 2, 2015, the trial court denied the petition.  It found that the second degree robbery conviction was not a felony that

---

[1]  All statutory references are to the Penal Code unless otherwise specified.

[2]  On April 12, 2016, we granted defendant's request for judicial notice of our opinion in case No. E022293.

qualified for misdemeanor resentencing. On November 30, 2015, defendant filed a timely notice of appeal.

B.      FACTUAL HISTORY

The following facts are taken from our unpublished opinion in case No. E022293: Defendant entered a convenience store on the evening of August 30, 1996, around 9:45 p.m. He put a beer on the counter. He then reached under his shirt with his right hand and pointed what the store clerk believed was a gun at the clerk. He said repeatedly, "you know what I want." The clerk also thought defendant said, "I don't want to hurt you."

The clerk opened the cash register and gave defendant money, while defendant simultaneously reached over and took some money. The loss was approximately $100. A jury convicted defendant of second degree robbery but did not find true an enhancement for person use of a gun.

**DISCUSSION**

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436, and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts, and potential arguable issues; and requesting this court to undertake a review of the entire record. We offered defendant an opportunity to file a personal supplemental brief, but he has not done so.

In the brief, defense counsel contends that "[a] potential issue in this case is whether appellant's 1999 second degree burglary conviction could be reduced to

3

shoplifting under section 459.5 or petty theft under 490.2, because he did not use a weapon to accomplish the taking of the $100 from the convenience store."

Among the crimes reduced to misdemeanors by Proposition 47 rendering the person convicted of the crime eligible for resentencing, are: shoplifting where the property value does not exceed $950 (§ 459.5); petty theft, defined as theft of property where value of the money, labor, real or personal property taken does not exceed $950 (§490.2); and receiving stolen property where the property value does not exceed $950 (§ 496). (§ 1170.18, subd. (a).) Section 1170.18 does not list section 211, the offense at issue in the present appeal, as one of the code sections amended or added by Proposition 47. (§ 1170.18, subd. (a).) In other words, Proposition 47 left the offense of second degree robbery unchanged, and that offense is a felony. (§ 211.) Thus, defendant is simply not statutorily eligible for relief under section 1170.18.

We also note that "[r]obbery is 'the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear.' (§ 211.) It is the use of force or fear which distinguishes robbery from grand theft [or petty theft] from the person." (*People v. Mungia* (1991) 234 Cal.App.3d 1703, 1707.) Moreover, Proposition 47 lists a specific series of crimes that qualify for reduction to a misdemeanor, separated with the conjunction "or" and ending with the phrase "as those sections have been amended or added by this act." (§ 1170.18, subd. (a).) Again, that list does not include section 211. "The legislative inclusion of the . . . crimes . . . necessarily excludes any other[s]" (*People v. Gray* (1979) 91 Cal.App.3d 545, 551.) Based on the statutory language, the

4

court properly denied defendant's petition to reduce his robbery conviction to a misdemeanor.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
Acting P. J.

We concur:

CODRINGTON
J.

SLOUGH
J.

5