Filed 07/24/23  P. v. Walker CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G062101 |
| v. | (Super. Ct. No. 12NF3291) |
| RODNEY DWYANE WALKER, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Julian W. Bailey, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

Defendant Rodney Dwyane Walker appeals from the trial court's summary denial of his petition for resentencing (Petition) under Penal Code section 1170.18.[1]

Based on events that took place in 2012, a complaint charged defendant with second degree robbery (§§ 211, 212.5, subd. (c)), with an enhancement for being armed with a firearm at the time (§ 12022, subd. (a)(1)), along with various other felonies and misdemeanors. It also alleged he had suffered more than two prior serious and violent strike convictions within the meaning of the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12), and two prior serious felony convictions (§§ 667, subd. (a)(1), 1192.7, subd. (c)). A jury convicted defendant of second degree robbery, among other crimes, and found that during the commission of the robbery offense, defendant was armed with a firearm. Defendant admitted 12 prior strike convictions and the two prior serious felony convictions. The trial court struck the firearm enhancement for sentencing purposes only and sentenced defendant to a total prison term of 35 years to life. This court affirmed the judgment in a nonpublished opinion.[2] (*People v. Walker* (June 20, 2016, G052496) [nonpub. opn.].)

In 2021, defendant filed the Petition seeking resentencing. The trial court summarily denied the Petition based on the conclusion defendant was not eligible for relief because robbery is not a crime to which section 1170.18 applies. Defendant timely appealed.

We appointed counsel to represent defendant on appeal. Counsel filed a brief summarizing the proceedings and facts of the case and advised this court he found no arguable issues to assert on defendant's behalf. (*Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.) Thereafter, this court notified defendant he

---

[1]      All further statutory references are to the Penal Code.

[2]      This court's prior opinion provides a detailed summary of the events leading to defendant's arrest. The underlying facts of the crimes are not relevant to the disposition of this appeal.

could file a supplemental brief on his own behalf. We received no supplemental brief from defendant and the time to file one has passed.

To assist us in our review, counsel suggested we consider whether a person convicted of second-degree robbery is eligible for resentencing.

**DISCUSSION**

We have independently reviewed the entire record as required under *Anders v. California, supra*, 386 U.S. 738 and *People v. Wende, supra*, 25 Cal.3d 436, and have found no arguable issues on appeal. Therefore, we affirm the postjudgment order.

Enacted in 2014, Proposition 47, codified at section 1170.18, made "certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) A person serving a felony sentence for an offense that is now a misdemeanor under section 1170.18 may petition for resentencing. (*Ibid.*)

"Robbery is the 'felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear.' (§ 211.) It is "the use of force or fear which distinguishes robbery from grand theft [or petty theft] from the person." (*People v. Mungia* (1991) 234 Cal.App.3d 1703, 1707.)

Robbery is and always has been a felony. (§ 213, subd. (a)(2).) It is not one of the crimes reduced to a misdemeanor by Proposition 47. (§ 1170.18, subd. (a).) Accordingly, we conclude the trial court correctly determined, based on the record of conviction in this case, defendant was not eligible for relief under section 1170.18 as a matter of law. It follows the trial court did not err by summarily denying the Petition without conducting further proceedings. And, because the court did not err, defendant was not prejudiced by the challenged order.

3

Counsel's assessment there were no arguable issues to raise on appeal was manifestly correct.  Nothing revealed by our own independent review of the record suggests otherwise.

**DISPOSITION**

The postjudgment order is affirmed.




DELANEY, J.

WE CONCUR:


O'LEARY, P. J.


BEDSWORTH, J.

4