Filed 10/29/25  P. v. Clinton CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>LATROY CLINTON,<br><br>　　　Defendant and Appellant. | A172967<br><br>(San Francisco City & County<br>Super. Ct. No. CR1509568) |

Defendant Latroy Clinton appeals from the trial court's order denying his petition for resentencing pursuant to Penal Code section 1170.18.[1]  His appellate counsel has filed a brief raising no issues but asking for an independent review of the record to determine whether any arguable issues exist on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Defendant was notified of his right to file a supplement brief, but has not done so.  Having reviewed the record and finding no arguable issues, we affirm.

### BACKGROUND

In 1994, defendant pleaded no contest to one count of robbery (§ 212.5, subd. (b)), transportation of cocaine (Health & Saf. Code, § 11352, subd. (a)), being a felon in possession of a firearm (former § 12021, subd. (a)) and

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

carrying a loaded firearm in a vehicle (former § 12031, subd. (a)).  The court sentenced defendant to three years' probation with 121 days' credit for time served.  A year later, defendant stipulated to a probation violation, and the trial court sentenced him to the low term of three years on the transportation for sale count and concurrent sentences for the remaining three counts.[2]

Twenty-nine years later, defendant filed a petition pursuant to section 1170.18 requesting resentencing as to the robbery and transportation for cocaine convictions.  On the resentencing form, defendant indicated he had completed his sentence and was seeking to have his felony convictions designated as misdemeanors.  In June 2025, the court denied defendant's petition, holding he was ineligible for relief under section 1170.18, subdivision (a), "based on [his] convictions."

On appeal, defendant's counsel has filed a brief pursuant to *Wende*. The *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*People v. Delgadillo* (2022) 14 Cal.5th 216, 221 (*Delgadillo*).)

In *Delgadillo*, our Supreme Court held *Wende* procedures do not apply to appeals from the denial of a section 1172.6 postjudgment petition for resentencing. (*Delgadillo, supra*, 14 Cal.5th at pp. 224–226.)  However, the court laid out applicable procedures for cases where a defendant has filed a supplemental brief.  The court explained, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion," but the filing of the supplemental brief alone does not compel the

---

[2] The court sentenced defendant to concurrent terms of two years (robbery), 16 months (felon in possession of a firearm), and 249 days (carrying a firearm in a vehicle) on the remaining counts, with credit for time served on the carrying a firearm charge.

Court of Appeal to independently review the entire record to determine if there are any arguable issues, although it may exercise its discretion to do so. (*Id.* at p. 232.)

Although *Delgadillo* specifically addressed *Wende* review in the context of postconviction relief pursuant to section 1172.6 (*Delgadillo, supra,* 14 Cal.5th at p. 231, fn. 5), the same principles nevertheless apply here. Because defense counsel filed a brief raising no issues, and defendant was given the opportunity to file a supplemental brief but declined to do so, we may dismiss the appeal as abandoned (*id.* at pp. 229, 230–232).

However, because counsel did not give defendant notice that *Delgadillo*'s procures are applicable here—and namely, that his appeal may be dismissed if he does not file a supplemental brief—we exercise our discretion to conduct a *Wende* review.

## DISCUSSION

Having reviewed the record, we have found no arguable issues requiring further briefing.

Proposition 47 "makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) Proposition 47's resentencing provision, section 1170.18, subdivision (a), provides, in pertinent part: "A person who, on November 5, 2014, was serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in

3

their case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section[s] 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." Additionally, "[a] person who has completed [his or her] sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in their case to have the felony conviction or convictions designated as misdemeanors." (§ 1170.18, subd. (f).)

Defendant was convicted in 1994 and has long since completed his sentence. Section 1170.18 does not include either section 212.5, subdivision (b) or Health and Safety Code section 11352, subdivision (a) as offenses that are subject to reduction or redesignation pursuant to Proposition 47. (§ 1170.18, subds. (a) & (f).) Nor would defendant have been guilty of a misdemeanor had Proposition 47 been in effect at the time of his offense.

"Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (§ 211.) It is "the use of force or fear which distinguishes robbery from grand theft [or petty theft] from the person." (*People v. Mungia* (1991) 234 Cal.App.3d 1703, 1707.) Robbery is and always has been a felony. (§ 213, subd. (a).) It is not one of the crimes reduced to a misdemeanor by Proposition 47. (§ 1170.18, subd. (a).) Similarly, Health and Safety Code section 11352 is not listed in section 1170.18, nor was it added or amended by Proposition 47. Proposition

4

47 left section 11352 unchanged, and that offense is a felony. (§ 17, subd. (a); Health & Saf. Code, § 11352, subd. (a).)[3]

As such, defendant is ineligible for relief under section 1170.18, and the trial court properly denied his petition.

**DISPOSITION**

The trial court's June 2025 order denying defendant's section 1170.18 petition is affirmed.

---

[3] Former Health and Safety Code section 11352, subdivision (a), to which defendant pled, prohibited the transportation of controlled substances and made no distinction whether the transportation was for sale or personal use. In 2013, section 11352 was amended by the Legislature—but not Proposition 47—to penalize only transportation for sale. Defendant's 1995 conviction predates this amendment and nothing in Proposition 47 reduced the offense of transporting controlled substances under former section 11352 from a felony to a misdemeanor. (See *People v. Martinez* (2018) 4 Cal.5th 647, 654–655 ["[t]he electorate reduced felony drug possession convictions under only three possession statutes [(§§ 11350, 11357, & 11377)], even though it presumably understood that before 2014, some possessory conduct resulted in felony convictions for unlawful transportation under former section 11379," however, Proposition 47 "did not alter the offense of unlawful drug transportation, [and the defendant's] conviction under former section 11379 would not have been affected" even if Proposition 47 "had been in effect at the time of [the] offense"].)

_____

Banke, J.

We concur:


_____

Humes, P. J.


_____

Langhorne Wilson, J.


A172967, People v. Clinton